IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AHMED SHEDID MOHAMED GHOUNEIM,

    Petitioner,

v.                                                                                          No. 2:26-cv-00954-KG-JMR

DORA CASTRO, et al.,

    Respondents.

**MEMORANDUM OPINION AND ORDER[1]**

This matter is before the Court on Petitioner Ahmed Shedid Mohamed Ghouneim's

Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 10, and

Petitioner's reply, Doc. 11.  Petitioner seeks his immediate release, arguing that he has been

detained beyond the six month presumptively reasonable period without a significant likelihood

of removal in the reasonably foreseeable future.  Doc. 1 at 8–9.  For the reasons below, the Court

grants the petition.

The Court is authorized to issue a writ of habeas corpus if a noncitizen is "in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3);

*see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Under the Immigration and Nationality

Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal

within a 90-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  Although the Government may

continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see*

§ 1231(a)(6), it may not detain them "indefinitely."  *Zadvydas*, 533 U.S. at 699.  A six-month

---

[1]The background facts are set forth in the Order issued in *Ghouneim v. Flores et al.*, No.
26-cv-0115, (D.N.M. Feb. 11, 2026).  The Court incorporates those facts herein.

1

detention is presumptively reasonable. *Id.* at 701. After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

This Court dismissed Petitioner's first petition for a writ of habeas corpus as the presumptively reasonable six month period of detention had not expired. *Ghouneim v. Flores et al.*, No. 26-cv-0115, (D.N.M. Feb. 11, 2026) (concluding that Petitioner's 5 month detention fell within the six month presumptively reasonable period). The Government concedes that the six month period has since expired, but maintains that Petitioner "has not provided good reason to believe there is a lack of significant likelihood of removal in the reasonably foreseeable future." Doc. 10 at 4. The Court disagrees.

Petitioner has met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner's removal became final on September 15, 2025, but there is no evidence the Government has made any efforts to secure Petitioner's removal. As Petitioner highlights, the Government has not obtained travel documents or identified any third country willing to accept Petitioner. Doc. 1 at 8.

The Government has produced little evidence to rebut Petitioner's showing. The deportation officer for DHS outlines few steps taken towards removal, stating that DHS is "actively working...on avenues to remove aliens to a third country." Doc. 10-1 at 2. Such statements are insufficient to demonstrate that removal is reasonably foreseeable. *See e.g.*, *Yan-Ling X. v. Lyons*, 2025 WL 3123793, at * 4 (E.D. Cal.) ("The phrase 'significant likelihood' requires something more than a mere possibility that removal will occur."); *Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla.) ("[M]ere intent to find a third country," absent "specific

communications between the United States and an identified country" is "too speculative to permit indefinite detention").

Lastly, the Court rejects the Government's request that it be allowed the opportunity to show that Petitioner's continued detention is necessary based on "special circumstances or because Petitioner is especially dangerous." *Id.*  Details concerning Petitioner's criminal history are not relevant to the Court's *Zadvydas* analysis.  In fact, in *Zadvydas*, the Court noted that Zadvydas had a "long criminal record, involving drug crimes, attempted robbery, attempted burglary, and theft."  533 U.S. at 684.  In concluding that Zadvydas' continued detainment pending removal violated due process, the Court implicitly rejected the notion that criminal history can serve as a basis "to hold indefinitely in confinement an alien ordered removed." *Id.* at 697.

Accordingly, the Court grants the Petition for Writ of Habeas Corpus, Doc. 1.  Because the Court grants relief under the INA, it declines to address Petitioner's other claims.  The Government shall file a status report within ten business days of this Order confirming that Petitioner has been released.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.